UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | NO. 1:03-CR-245-2 |
| | § | |
| VAUGHN DUWAYNE HARMAN, III | § | |

REPORT AND RECOMMENDATION RE: PETITION FOR WARRANT
OR SUMMONS FOR OFFENDER UNDER SUPERVISION

Pending is a "Petition for Warrant or Summons for Offender Under Supervision," filed May 3, 2006, alleging that defendant violated conditions of supervised release. This matter is referred to the undersigned United States magistrate judge for review, hearing, and submission of a report with recommended findings of fact and conclusions of law. See United States v. Rodriguez, 423 F.3d 919, n. 1 (5th Cir. 1994); see also 18 U.S.C. § 3401(i) (2000); and Local Rules for the Assignment of Duties to United States magistrate judges.

I. The Original Conviction and Sentence

Defendant was sentenced on July 16, 2004, before The Honorable Marcia A. Crone of the Eastern District of Texas after pleading guilty to the offense of mail fraud, a Class D felony. This offense carried a statutory maximum imprisonment

term of 5 years.  The guideline imprisonment range, based on a total offense level of 4 and a criminal history category of VI, was 6 to 12 months.  Defendant was subsequently sentenced to 6 months imprisonment followed with three years supervised release subject to the standard conditions of release, plus special conditions to include confinement in a Community Confinement Center for 120 days; the defendant shall pay any financial penalty that is imposed by the judgment; drug aftercare; mental health treatment; the defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer, unless payment of any financial obligation ordered by the Court has been paid in full; no gambling; no contact with codefendant; $920 restitution and a $100 special assessment.

## II.  The Period of Supervision

On September 16, 2005, defendant completed his period of imprisonment and began service of the supervision term.

## III.  The Petition

United States Probation filed the pending Petition for Warrant or Summons for Offender Under Supervision on May 3, 2006.  The petition alleges that defendant violated the following conditions of release:

| | |
|---|---|
| Mandatory Condition: | Defendant shall refrain from any unlawful use of a controlled substance. |
| Standard Condition: | Defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons. |
| Special Condition: | Defendant shall participate in a program of testing and treatment for alcohol and drug abuse, under the guidance and direction of the U.S. Probation Office, until such time as the defendant is released from the program by the probation officer. |

As grounds, the petition alleges that on April 11, 2006, and April 18, 2006, defendant submitted urine specimens and admitted to using cocaine and marijuana; defendant was terminated from employment after failing to report for work as scheduled; defendant failed to report for counseling on April 11, 2006, and April 18, 2006; and defendant failed to report and submit a random urine specimen on April 22, 2006, and April 24, 2006.

### IV.  Proceedings

On May 8, 2006, the undersigned United States Magistrate Judge convened a hearing pursuant to Rule 32.1, Federal Rules of Criminal Procedure, to hear evidence and argument on whether defendant violated conditions of supervised release. If so, the hearing would also consider the appropriate course of action.

At the revocation hearing, counsel for the government and the defendant announced an agreement as to a recommended disposition. Defendant would agree to plead "true" to the allegation that he violated a mandatory condition of supervised release by failing to refrain from unlawful use of a controlled substance on April 11, 2006. In exchange for defendant's plea of "true," the court should find defendant guilty of committing a Grade C violation, revoke defendant's supervised release and impose twelve (12) months, one (1) day imprisonment; followed by no additional period of supervised release. Further, the government agreed to decline to proceed with remaining alleged violations of supervised release conditions.

After announcing their agreement, defendant pleaded "true" to the allegation that he violated a mandatory condition of supervised release by failing to refrain from unlawful use of a controlled substance on April 11, 2006.

### V.  Principles of Analysis

Upon finding by a preponderance of the evidence that a defendant has violated a term of supervised release, pursuant to 18 U.S.C. § 3583(e)(3) the court may revoke the term of supervised release and require defendant to serve in prison all or part of the term of supervised release without credit for time served on post-release supervision. The original offense of conviction was a Class D felony; therefore, the maximum term of imprisonment authorized under 18 U.S.C. § 3583(e)(3) is two years.

According to U.S.S.G. § 7B1.1(a), if the court finds by a preponderance of the evidence that defendant violated a mandatory condition of supervised release by failing to refrain from unlawful use of a controlled substance, defendant will be guilty of committing a Grade C violation. U.S.S.G. § 7B1.3(a)(2) indicates upon a finding of a Grade C violation, the court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision. U.S.S.G. § 7B1.4(a) provides that in defendant's case a revocation of supervised release based on a Grade C violation and a criminal history category of VI, the guideline imprisonment range is 8 to 14 months.

18 U.S.C. §§ 3583(e) and 3553(a) provide that in determining sentence, the court shall consider:

1. The nature and circumstance of the offense and the history and characteristics of the defendant; see 18 U.S.C. § 3553(a)(1);

2. The need for the sentence imposed to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, other corrective treatment in the most effective manner; see 18 U.S.C. §§ 3553 (a)(2)(B)-(D);

3. Applicable guidelines and policy statement issued by the Sentencing Commission, for the appropriate application of the provisions when modifying or revoking supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the defendant is sentenced; see 18 U.S.C. 3553(a)(4); see also 28 U.S.C. § 924(A)(3);

4. Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced; see 18 U.S.C. § 3553(a)(5); and

    5.    The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; <u>see</u> 18 U.S.C. § 3553(A)(6).

## VI. Application

The undersigned has carefully considered each of the five factors listed in 18 U.S.C. §§ 3583(e) and 3553(a).

**<u>Findings:</u>**

Defendant pleaded "true" to an alleged violation of a mandatory condition of supervised release by failing to refrain from unlawful use of a controlled substance on April 11, 2006. Based upon defendant's plea of "true" to this allegation and U.S.S.G. § 7B1.1(a), defendant violated this mandatory condition of supervised release in the manner alleged in the petition. Defendant's violation is a Grade C violation with policy guidelines suggesting 8 to 14 months imprisonment upon revocation.

**<u>Conclusion:</u>**

Defendant has demonstrated inability to adhere to conditions of supervision. Defendant did not comply with a condition of his supervision by failing to refrain from unlawful use of a controlled substance on April 11, 2006. As such, incarceration appropriately addresses defendant's violation.

## RECOMMENDATIONS

1. The court should find that defendant violated the condition of supervised release, by failing to refrain from unlawful use of a controlled substance, in the manner alleged in the petition.

2. The petition should be granted and defendant's supervised release revoked pursuant to 18 U.S.C. § 3565.

3. Defendant should be sentenced to a term of imprisonment of twelve (12) months, one (1) day with no further supervision thereafter.

## OBJECTIONS

At the close of the revocation hearing, defendant, defense counsel, and counsel for the government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release as recommended herein.  Therefore, the court may act on the report and recommendation immediately.

SIGNED this __9__ day of May, 2006.

_____
Earl S. Hines
United States Magistrate Judge